UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. HARRIS,

    Plaintiff,

    v.                                                    Case No. 08-C-1111

JOHN HUSZ, CHRISTINE KULINSKI,
SANDRA BUCHOLTZ,
DETECTIVE MARK HARMS,
and DONNA GOELZ,

    Defendants.

**ORDER**

    The plaintiff, who is incarcerated at the Milwaukee Secure Detention Facility (MSDF), filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis, and his motions to appoint counsel.

    The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. Id. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average

monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. Id.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $5.65.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a

claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff filed an original complaint on December 22, 2008, and an amended complaint on February 10, 2009 alleging various claims. First, he alleges that his Constitutional rights were violated when Detective Mark Harms illegally entered and searched his apartment on August 11, 2008, and when Detective Harms gave perjured testimony regarding the entry at the plaintiff's revocation hearing, leading to his present incarceration. Harris further alleges that Parole Agent Christine Kulinski and her supervisor, Sandra Bucholtz, knew that Detective Harms' testimony was untruthful.

Second, the plaintiff alleges that while incarcerated at MSDF he was subjected to cell conditions from August 21-28, 2008 that caused him to injure three toes and develop back pain, and that he also slipped and fell on November 4, 2008. The plaintiff claims that he has received

3

inadequate medical attention for these injuries and that MSDF Warden John Husz and MSDF Health Services Manager Donna Goelz are responsible for these problems.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The George court instructed that such "buckshot complaints" should be rejected. Id. Therefore, the court will strike the amended complaint submitted on February 10, 2009, which replaced the complaint originally filed on December 22, 2008. The plaintiff will be allowed to file a second amended complaint in this case incorporating only properly

4

related claims. Any unrelated claim not pursued in this case must be brought in a separate action. The plaintiff should carefully consider the claims which he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). When any claim in a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, the plaintiff will incur strikes. See George, 507 F.3d at 607.

The plaintiff is advised that because an amended complaint supercedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Any amended complaint must therefore be complete in itself, without reference to any other documents. If the plaintiff files a second amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

The plaintiff also filed motions for appointment of counsel on January 23, 2009, March 12, 2009, and March 27, 2009. The plaintiff states that his attempts to retain an attorney have been

5

unsuccessful, and that he believes counsel would better enable him to present evidence, to cross-examine witnesses, and to research and investigate issues. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Therefore, when a pro se plaintiff demonstrates that he has made an unsuccessful attempt to obtain legal counsel, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." Id. at 655. At this point, the court shall deny the plaintiff's motions for the appointment of counsel without prejudice. The plaintiff may resubmit his motion for counsel if the case goes forward upon an amended complaint.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is hereby granted.

**IT IS FURTHER ORDERED** that the plaintiff's motions to appoint counsel (Docket #7, Docket #14, and Docket #20) are hereby denied without prejudice.

**IT IS FURTHER ORDERED** that the amended complaint submitted on February 10, 2009 (Docket #11) is hereby stricken.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file a second amended complaint **on or before April 30, 2009**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by April 30, 2009 that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $344.35

balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this <u>3rd</u> day of April, 2009.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge