UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. HARRIS,

    Plaintiff,

        v.                     Case No. 08-C-1111

DETECTIVE MARK HARMS,

    Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(DOC. # 56), AND SETTING A SCHEDULING CONFERENCE

Plaintiff, Willie M. Harris, is proceeding pro se on a claim under 42 U.S.C. § 1973, that City of Milwaukee Police Detective Mark Harms violated his Fourth Amendment rights by searching his apartment without a warrant and holding a gun to his head, and violated his Fifth and Fourteenth Amendment rights by testifying falsely at his revocation hearing. The plaintiff has filed a motion for summary judgment, which is addressed below.

Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those that under the applicable substantive law "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248.

The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986), *Matter of Wade*, 969 F.2d 241, 245 (7th Cir. 1992). The party with the ultimate burden of proof at trial retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *Celotex Corp.*, 477 U.S. at 324. Defeating summary judgment requires more than just a "swearing match"; rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. *Wade*, 969 F.2d at 245. Nonetheless, matters of credibility are not subject to resolution upon summary judgment. *Wilson v. Williams*, 997 F.2d 348, 350 (7th Cir. 1993).

<u>Relevant Undisputed and Disputed Facts</u>[1]

The plaintiff, Willie M. Harris, was confined at the Milwaukee Secure Detention Facility when he filed this action. However, he is not incarcerated at this time. The defendant, Detective Mark Harms, was employed at all relevant times as a law enforcement officer within the Milwaukee Police Department. On the evening of August 11, 2008, Harms and other police officers went to Harris's apartment at 4418 N. 27th Street to investigate a citizen's complaint that narcotics were being sold there. Harms kicked in the door and entered Harris's apartment without a warrant.

---

[1] Some of the relevant facts are disputed. The parties have set forth their versions of events in their respective affidavits. Harris failed to provide a statement of proposed material facts as required by Local Rule 56(b)(1)(C) (E.D. Wis.), but Harms included proposed findings of fact as part of his response brief, which are accepted as undisputed when supported by the record and uncontradicted by Harris's affidavit.

Harms found what appeared to be crack cocaine and marijuana cigarettes, along with a digital scale, plastic baggies, gold-colored steel chore boy, and metal crack pipes inside the apartment's southeast bedroom. In addition, Harms noted inside the apartment that Harris had a surveillance camera positioned towards the front entrance door of the building, along with three monitors. A wanted check revealed that Harris was sought for a felony probation violation. Harris was the only person present in the apartment when the officers arrived, and the landlord told Harms that Harris was the only tenant of the apartment.

Harms arrested Harris for possession of cocaine, keeping a drug house, and violating his probation. The suspected cocaine and marijuana later tested positive for cocaine base with a total weight of 6.96 grams and THC with a total weight of .51 grams. Harms was not properly subpoenaed,[2] did not appear for preliminary hearings on September 5, 2008, and September 15, 2008, and the criminal charges against Harris were dismissed. The criminal charges were never reissued. On October 7, 2008, Harms testified at a probation revocation hearing, and Harris's probation was revoked.

The parties disagree as to the circumstances under which Harms entered and searched Harris's apartment and whether Harms's revocation testimony was truthful. According to Harms, he smelled a strong odor of burnt marijuana emanating from the apartment, and knocked on the door. Harris opened the door, made eye contact with Harms, and slammed the door shut. Harms then kicked in the door because he was fearful that evidence would be destroyed. After entering the apartment, Harms saw Harris come

---

[2] Without citing any evidence in the record, Harris asserts that "a check of the state prosecutor's office service of subpoenas can verify that Harms was properly subpoenaed." (Affidavit of Willie M. Harris at 2).

3

out of the southeast bedroom, and then conducted a protective sweep of that room. Harms denies placing his gun to Harris's head, and avers that he testified truthfully at the revocation hearing.

Harris denies opening his apartment door. He avers that he would not open the door to police, whom he could see through the door peephole and his living room windows. Harris further avers that when Harms, other police officers and detectives entered his apartment, they demanded guns, and held weapons to his head while searching. Finally, Harris avers that Harms testified falsely that the criminal charges would be reissued, that he found mail addressed to Harris at the apartment, and that Harris opened and then closed the apartment door.

## Analysis

In seeking summary judgment, Harris claims that Harms illegally entered and searched his apartment without a warrant or probable cause, that police weapons were held to his head during the search, and that Harms lied at the revocation hearing. In response, Harms contends that summary judgment should be denied because significant factual disputes exist regarding whether he had probable cause to enter and search the apartment without a warrant, whether he used excessive force, and whether he perjured his testimony at the revocation hearing. The plaintiff did not file a reply brief.

In general, "an officer's warrantless entry into a home is presumed to be unreasonable . . . [but] the Fourth Amendment does permit an officer to enter a house without a warrant when there is (1) probable cause supporting the entry; and (2) exigent circumstances." *United States v. Venters*, 539 F.3d 801, 806-07 (7th Cir. 2008). The odor of burnt marijuana emanating from a location provides sufficient probable cause to believe

contraband will be found at that location. *See United States v. Cherry*, 436 F.3d 769, 772 (7th Cir. 2006) (collecting cases holding that odor of burnt marijuana provides probable cause for a vehicle search). Probable cause alone does not justify the entry of a residence, so police cannot lawfully break down the door of a residence and enter it without a warrant merely because they have probable cause to believe that illegal substances are being used in the residence. *See Johnson v. United States*, 333 U.S. 10 (1948) (holding that while the odor of burning opium might justify issuance of a warrant, it did not justify a search of the room without a warrant); *see also State v. Kiekhefer*, 212 Wis.2d 460, 479 569 N.W.2d 316, 327 (Wis. Ct. App. 1997) ("Although the agents smelled an odor of burning marijuana, this does not justify the warrantless entry either.").

In *State v. Hughes*, 233 Wis.2d 280, 607 N.W.2d 21, 2000 WI 24, however, the Wisconsin Supreme Court held that exigent circumstances justified a warrantless entry into an apartment with a strong odor of marijuana. In *Hughes*, police officers responded to a report of trespassing made by a housing complex's security officer. The officers were waiting in a hallway for backup when the defendant's sister opened the apartment door, releasing a very strong odor of marijuana from the apartment, and then attempted to slam it shut when she saw the uniformed police officers in the hallway. The court found that it was "not unreasonable to assume that a drug possessor who knows the police are outside waiting for a warrant would use the delay to get rid of the evidence." *Id*. at ¶ 26. Distinguishing *Johnson* and *Kiekhefer*, the Wisconsin Supreme Court stated:

> The strong odor of marijuana that hit the officers as the door to the defendant's apartment was opened gave rise to a reasonable belief that the drug – the evidence – was likely being consumed by the occupants and consequently

> destroyed. But the greater exigency in this case is the possibility of the intentional and organized destruction of the drug by the apartment occupants once they were aware of the police presence outside the door.

*Id*. In this case, a key disputed fact is whether Harris opened his apartment door and then slammed it shut upon seeing the officers, thus demonstrating his awareness of the officers' presence and suggesting the likelihood that he would destroy the drugs inside his apartment before a warrant could be obtained. If he did so, the situation presented to the officers would be essentially identical to the exigent circumstances justifying immediate entry and search without a warrant found by the Wisconsin Supreme Court in *Hughes*.[3] Harris, however, claims that Harms lied about him opening the door to falsely create a legal justification for entering his apartment without a warrant. This factual dispute, and the question of whether Harms testified truthfully, cannot be resolved on summary judgment.

Excessive force claims are also evaluated under the Fourth Amendment. Whether a police officer violated the Fourth Amendment "through an unreasonable seizure done with the use of excessive force . . . depends on whether it was objectively

---

[3] The Court of Appeals for the Seventh Circuit, however, has criticized warrantless entries into homes based on exigent circumstances that were created primarily by a police decision to conduct a "knock and talk" investigation rather than to apply for a warrant:

> [T]he problem in this case is that the officers and agents lacked a warrant when they approached the home and utilized tactics that, if allowed to go unchecked, would eliminate the Fourth Amendment warrant requirement for a home with any connection to drugs. . . . [T]he occupants knew of the government's investigation of the home and so the government was concerned that the occupants might destroy any drugs that could be in the home. However, it was the government's choice to reveal itself to the home occupants by engaging in a "knock and talk" investigation and its decision backfired. It is perfectly lawful for the government to knock on the front door of [a] home and ask to come in. However, once Ellis said no, the government could not save its case by kicking in the side door when it lacked either a warrant or probable cause coupled with exigent circumstances.

*United States v. Ellis*, 499 F.3d 686, 691-92 (7th Cir. 2007).

reasonable, judged from the perspective of a reasonable officer on the scene . . . [and] requires an analysis of the facts and circumstances of the case. . . ." *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009) (holding that a jury could find that a police officer acted unreasonably in detaining several people with a submachine gun while investigating the crime of altering a vehicle identification number). The "factual inquiry into an excessive force claim 'nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom . . . .'" *Gonzalez v. City of Elgin*, 678 F.3d 526, 539 (7th Cir. 2009) (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005)). Here the parties dispute whether Harms held a gun to Harris's head at all. Only a fact-finder can weigh the credibility of the parties and of any other witnesses who may testify at trial and determine whether Harms used his gun to detain Harris. Whether such force was reasonable cannot be determined while the facts remain disputed. Therefore,

IT IS ORDERED that the plaintiff's motion for summary judgment (Docket # 56) is DENIED.

IT IS FURTHER ORDERED that a scheduling conference be held at 2:00 PM on September 14, 2010, in Courtroom 222, 517 E. Wisconsin Avenue, Milwaukee, WI.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2010.

BY THE COURT
/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge